People ex rel. Tompkins v. Landreth.

---

PEOPLE *ex rel.* TOMPKINS V. LANDRETH.

*Certiorari — to review proceedings to lay out highway — Laches — Highway commissioner — may own land over which highway is laid out.*

Commissioners of highways of the town of N. laid out a road March 25, 1872. Upon March 10, 1873, upon their application, commissioners of estimate were appointed to assess the damages of the owners of lands taken for the road, and the last-named commissioners filed their report and award August 12, 1873. In the fall of 1873 the county board of supervisors assessed the damages for the road upon the town of N. and the assessment was collected. On the 2d of January, 1874, the commissioners of assessment filed an "amended appraisal," believed by them to be necessary. *Held,* that a writ of certiorari to review the proceedings of the commissioners in laying out the highway should be quashed, because of laches.

One of the commissioners of highways owned land taken for the highway. *Held,* that this would not invalidate the proceedings to lay out or those to assess damages.

CERTIORARI upon the relation of Samuel Tompkins to review proceedings of William Landreth and others, commissioners of high-

ways, of the town of Niagara, in the county of Niagara, in laying out a highway, and of the commissioners for assessing damages for laying out the same.

Two applications were made to the commissioners of highways of said town to lay out a road. On the 25th March, 1872, the said commissioners made an order laying out said road, and the order was filed in the town clerk's office on the same day.

The commissioners applied to the county court for the appointment of commissioners to assess the damages of the owners of land taken for said highway, and commissioners were appointed for that purpose on the 10th day of March, 1873.

On the 12th of August, 1873, said commissioners to assess damages, after hearing the parties in interest, made and filed their award of the damages of the several owners; and on the 2d of January, 1874, the said commissioners filed in the town clerk's office what they call an amended appraisal made necessary, as they claim, by reason of one of the persons to whom damages were awarded having died before the first appraisal was made, and the land, on account of which the damages were assessed, belonging to the heir at law of such deceased person.

The commissioners of highways further returned that the supervisors assessed said damages on the town of Niagara in the fall of 1873, and directed the same to be paid to the commissioners of highways, and that said moneys have been collected and paid over accordingly.

The writ of certiorari was applied for and issued on the 20th of January, 1874.

*Piper & Porter,* for relator.

*H. N. Griffith,* for respondents.

MULLIN, P. J. The relator seeks to review not only the proceedings of the commissioners to assess damages, but also those of the commissioners of highways in laying out the road. The order laying out the road was made and filed in March, 1872, and nearly two years had elapsed from the filing of the order before the writ was applied for, a delay which under the circumstances of the case makes it proper for us to quash the writ.

A party ought not to lie by and impose upon the town the expenses of appraising, assessing and collecting damages and then attempt by

certiorari to annul the proceedings in laying out the road. He should have applied for the writ promptly, or what was the most appropriate remedy, he should have appealed from the order laying out the road. For these reasons, the writ should be quashed so far as relates to laying out the road.

As to the assessment of damages, laches are not imputable to the relator, but his objections to them are so technical as to be almost frivolous. The only one worthy of consideration is that one of the commissioners of highways who applied for the assessment of damages was himself one of those whose lands had been taken for the road.

My recollection is that this general term has held that a commissioner of highways is not disqualified because he owns lands over which he unites with other commissioners in laying out a highway. Commissioners of highways, like assessors, must act in matters in which they have a personal and pecuniary interest ; roads must be laid out and taxes must be assessed, and the injustice that may be done must be borne or roads must cease to be laid out and taxes assessed.

The law permits towns to elect one highway commissioner; if the public interest demands a highway laid out over his land, how is it to be done if he cannot act? The statute makes no provision for substituting any other officer or person in his place.

If, however, we are wrong in this, still it is in our discretion whether we will grant the relief sought by this writ and we think mischief instead of good would result from setting aside the proceedings of either set of commissioners.

The writ of certiorari is quashed, with costs to be paid by the relator.

*Writ quashed.*